IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANKAR OCASIO,

                Plaintiff,                OPINION AND ORDER

v.

                                              20-cv-377-wmc

KEVIN CARR et al. and others,

                Defendants.

---

*Pro se* plaintiff Sankar Ocasio, who currently is incarcerated at Kettle Moraine Correctional Institution, filed this lawsuit pursuant to 42 U.S.C. § 1983, related to an assault that occurred while he was previously incarcerated at the Wisconsin Secure Program Facility ("WSPF"). Ocasio claims that the Wisconsin Department of Corrections ("DOC") Secretary and several WSPF employees failed to protect him from assault, in violation of his Eighth Amendment rights. Ocasio's complaint is ready for screening as required by 28 U.S.C. § 1915A. After reviewing the complaint, the court concludes that it does not meet the requirements of Federal Rule of Civil Procedure 8, but will give him an opportunity to file an amended complaint that corrects the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff Sankar Ocasio identifies DOC Secretary Kevin Carr as a defendant in the caption of his lawsuit, and then lists the following WSPF employees as witnesses who knew he was going to be assaulted before it occurred: Warden G. Boughton, Captain Hanfield,

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Lt. Tom, Sergeant Collins, COII Belz, Sergeant Fuller, B. Kool, Mr. Kartman, COII Brown, COII Neis, and Captain Flannery.

Ocasio's complaint does not include allegations related to the actual assault he suffered, or the events leading up to the assault, but it appears that in early February of 2018, he was assaulted by another inmate and subsequently received a conduct report for his part in the altercation. Ocasio alleges that on February 13, 2018, COII Belz came to Ocasio's cell door to discuss his pending conduct report. Belz brought along copies of Ocasio's witness list and the video footage of the assault, as well as a note that Ocasio had submitted to WSPF staff days before the assault. Ocasio does not provide details about what he had written in the note, or what day he submitted it to WSPF staff, but it appears that in it Ocasio raised a concern related to his safety. It also appears that Sergeant Fuller told Belz about the note, but it is unclear when Fuller learned about the note.

Ocasio further alleges that on February 17 or 18 of 2018, he spoke with Sergeant Collins about what she and other WSPF staff knew about the assault before it took place. Collins apparently acknowledged that she had received a note from Ocasio in the days leading up to the attack, in which Ocasio claimed that something was going to happen to him.

OPINION

Plaintiff seeks to proceed against all defendants on Eighth Amendment failure to protect claims. The Eighth Amendment requires prison officials to ensure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may prevail on such a claim by alleging that (1) he faced

2

a "substantial risk of serious harm" and (2) the identified prison officials acted with "deliberate indifference" toward that risk. *Id.* at 834.

Plaintiff may not proceed at this time because his allegations fail to meet the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Additionally, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 795, 798 (7th Cir. 2011).

As an initial matter, it is unclear from Ocasio's complaint exactly who he intends to include as defendants. In the caption of his complaint, he lists Carr, and then he refers to additional individuals as both witnesses to the assault, but also states that they failed to protect him from harm. Carr is not a proper defendant because Ocasio has not alleged that Carr was personally involved in the events leading up to his February 2018, *see Minix*, 597 F.3d at 833-34. Moreover, Ocasio cannot proceed against Carr solely by virtue of his supervisory position. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others).

As for the WSPF employees, it is unclear whether Ocasio intends to include all or just some of the WSPF "witnesses" as defendants, and several of these witnesses (Boughton, Hanfield, Tom, Kool, Kartman, Brown, Neis and Flannery) are not mentioned in the body of Ocasio's complaint. Therefore, even assuming Ocasio intended to include all of them as defendants, these proposed defendants would be subject to immediate dismissal for lack of personal involvement. Given this lack of clarity, and the rule that it is the plaintiff's obligation to identify the defendants to an action, *see Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (it is "unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge"), Ocasio's complaint is subject to dismissal for lack of a proper defendant.

Even if this court were to infer that all of Ocasio's "witnesses" are defendants, Ocasio has not provided an understandable chronology of the events leading up to his assault that would permit an inference that any WSPF officials failed to protect him. Instead, his allegations focus on the events that occurred *after* his assault took place, rather than before. As such, the court is unable to determine exactly what each of these individuals knew prior to Ocasio's assault. More specifically, Ocasio has not provided any information about what information Ocasio included in the note he submitted to WSPF staff prior to his assault. Although it appears that Sergeant Collins may have received the note before the attack, Ocasio has not alleged that the note would have alerted other WSPF staff to the risk about the inmate that actually attacked him (which may support an Eighth Amendment claim), as opposed to a general concern about his safety (which would not support an Eighth Amendment claim). *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015)

4

("Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger."). Although Ocasio attaches various exhibits that appear to relate to his conduct report proceedings to his complaint, the court will not accept those attachments as a stand-in for Ocasio's allegations related to the events. *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79-80 (1st Cir. 2014) ("[I]t is not [the court's] job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint.").

Out of deference to plaintiff's *pro se* status, before dismissing plaintiff's complaint, the court will give plaintiff the opportunity to amend his complaint to provide a chronology of the events leading up to his complaint. If plaintiff submits a proposed amended complaint no later than **May 31, 2021**, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915A. In preparing his amended complaint, plaintiff should clearly identify who he intends to include as defendants in this lawsuit and take care to provide specific information about what each of those defendants knew about the threat to his safety prior to the attack. Plaintiff should use the legal standards set forth above as guidelines. Further, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his second amended complaint, he should review it and consider

whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Sankar Ocasio may have until **May 31, 2021,** to amend his complaint to address the deficiencies described above.

2. If Ocasio does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2). If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action pursuant to Fed. R. Civ. P. 41(b).

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge