IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SANKAR OCASIO,

                Plaintiff,          OPINION AND ORDER

   v.
                                      20-cv-377-wmc

SECURITY DIRECTOR MARK KARTMAN,
SERGEANT COLLINS, SERGEANT FULLER,
UNIT MANAGER BRIAN KOOL,
CORRECTIONAL OFFICER THOMAS BELZ,
and JOHN #2,

                Defendants.

      *Pro se* plaintiff Sankar Ocasio, who currently is incarcerated at Kettle Moraine Correctional Institution, is proceeding in this lawsuit against multiple Wisconsin Secure Program Facility ("WSPF") employees, on Eighth Amendment claims for their alleged failure to protect him from another inmate's assault in 2018. Plaintiff has filed two motions (dkt. ##20, 17), which the court is denying for the reasons that follow briefly.

      Plaintiff filed a motion for default judgment because defendants filed their answer more than 21 days after service of the complaint. (Dkt. #20.) However, defendants are not in default: they filed their answer on January 21, 2022, which was within 60 days of service of the complaint and summons, as required by the terms of the Wisconsin Department of Justice's agreement with this court, and as explained in the court's order screening plaintiff's complaint to go forward. (*See* dkt. #11, at 6.) Therefore, this motion is DENIED.

      Plaintiff has also filed a motion for assistance from a jailhouse lawyer (dkt. #17), asking that the court issue an order allowing another inmate to assist him in this lawsuit

by appearing for him at hearings in this case, including the March 1, 2022, telephonic preliminary pretrial conference. In support, plaintiff explains that this other inmate is more educated about legal matters and is more fluent in English. Plaintiff may avail himself of the help of non-attorney inmates to prepare filings and conduct legal research, but other inmates may not *represent* him in this lawsuit. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (7th Cir. 1982). Since plaintiff does not represent that this other inmate is an attorney licensed to practice law before this court, this inmate cannot appear in this case on behalf of plaintiff or appear for him during hearings. Therefore, plaintiff's motion is DENIED.

If it becomes apparent during the telephonic preliminary pretrial conference that plaintiff's limited understanding of English will substantially impair his ability to litigate this case, plaintiff may use the help of a jailhouse attorney to prepare a motion for assistance in recruiting counsel. Should he file such a motion, plaintiff should understand that the court will exercise its discretion to recruit counsel for a *pro se* litigant in certain limited circumstances, if the legal and factual difficulties of this case exceed the pro se litigant's abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Yet even before deciding the merits of such a request, the court must find that the litigant has made reasonable efforts to recruit an attorney on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070 (7th Cir. 1992). This court generally requires litigants in plaintiff's position to submit letters from at least three attorneys declining to represent them, or, if they received no response letters, a declaration attesting to whom they reached out for representation and when they sent the letter.

ORDER

IT IS ORDERED that:

1. Plaintiff Sankar Ocasio's motion for default judgment (dkt. #20) is DENIED.

2. Plaintiff's motion for assistance from jailhouse lawyer (dkt. #17) is DENIED.

Entered this 15th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge